UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JORGE REBEGO ESPINOZA, | ) | 1:09-cv-01417 MJS HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS |
| | ) | |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| TERRI GONZALEZ, | ) | |
| | ) | |
| Respondent. | ) | [Docs. 1, 17] |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent, Terri Gonzalez, as warden of California Men's Colony West, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Brook Benningson, Esq. of the office of the Attorney General of California.

I.   **BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a February 5, 2008, conviction of four counts of robbery and three counts of kidnaping. Petitioner was sentenced on March 6, 2008, to a determinate prison term of twelve years and four months in state prison.

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the lodged documents in support of Respondent's motion to dismiss.

Petitioner thereafter appealed the conviction. On March 17, 2009, the California Court of Appeal, Fifth Appellate District affirmed the Judgment. (Lodged Document ("L.D.") No. 4.) On April 10, 2009, Petitioner filed a petition for review with the California Supreme Court. (L.D. No. 5.) Review was summarily denied by the California Supreme Court on June 10, 2009. Id.

On July 24, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court raising three different grounds for relief, as follows:

1) Counts 5, 6, 7 of kidnaping are 'contrary to' the evidence; 'asportation was incidental to robbery.'

2) Court erred in instructing in the word of aggravated kidnaping.

3) Court erred in instructing on possession of recently stolen property, insufficient evidence. (Pet. at 5-15, ECF No. 1.)

On October 13, 2010, Respondent filed a motion to dismiss all three claims contained in the petition based on failure to exhaust state remedies. (Mot. To Dismiss, ECF No. 17.) Respondent claims that the first claim asserted is different than the claim asserted to the California Supreme Court and that claims two and three were never presented to the California Supreme Court. (Id.) On October 25, 2010, Petitioner filed an objection to the motion to dismiss. On November 4, 2010, Respondent filed a reply to the opposition.

**II.   DISCUSSION**

   **A.   Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Based on the Rules

Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B.   Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Duncan, 513 U.S. at 365-366.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31

(9th Cir. 1996); . . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is. <u>Lyons</u>, 232 F.3d at 668-669 (italics added).

### 1. Claim One

Respondent asserts that claim one of the federal petition and the claim presented to the California Supreme Court are not the same and therefore that claim one has not been exhausted. (Mot. to Dismiss at 3.) Respondent however provides no explanation of the reasoning behind its view the claims are not the same. In his federal petition, Petitioner describes his first claim as, "Counts 5,6,7, of kidnaping are 'contrary to' the evidence; 'asportation was incidental to the robbery.'" (Pet. at 5.) Petitioner's claim in the petition for review filed with the California Supreme Court states, "Does the evidence [in the] instant case support the 'asportation' element of the offense of Penal Code § 207, subd. (a)..."

As Respondent aptly reminds the Court, the federal courts have duty to construe pro se pleadings liberally, and a pro se complaint, however inartfully plead, must be held to less stringent standards than formal pleadings drafted by lawyers. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Here, it appears that Petitioner's claims are at least similar, if not the same. Both the first claim of the federal petition and the claim of the state petition challenge the sufficiency of the evidence of the asportation element of Petitioner's kidnaping convictions. It would be inconsistent for the Court to construe Petitioner's claims liberally and also require Petitioner to phrase his claims verbatim from one pleading to the next.

Respondent's failure to provide evidentiary support of the inconsistency of the two claims is significant. Respondent's analysis in this regard is limited to the statement, "Respondent does not believe the claim appellant presented to the California Supreme Court and the claim presented in the instant Petition are the same." (Mot. to Dismiss at 3.) As noted both claims allege issues with evidentiary issues relating to the asportation element of Petitioner's kidnaping conviction. The claims relate to a specific element of a specific crime. If the two claims related to two clearly disparate issues, Respondent's succinct analysis might have been proper. However, in this case, the claims are very similar, if not identical. Inasmuch

as Respondent has not identified perceived differences between the claims, the Court has no basis upon which to evaluate Respondent's assertions.

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss a petition if it plainly appears that the Petitioner is not entitled to relief. In the present case, Petitioner has presented claim one to the highest state court, thereby exhausting his state remedies with respect to that claim. Accordingly, the Court must deny the motion to dismiss as to claim one.

### 2. Claims Two and Three

Respondent asserts that Petitioner has not presented claims two and three of his federal petition to the California Supreme Court. Since Petitioner only presented one claim to the California Supreme Court in his Petition for review, such assertion appears correct. In fact, in his objection to the motion to dismiss, Petitioner concedes as much and respectfully withdraws claims two and three. (Objection, ECF No. 19.)

The instant petition is a mixed petition containing exhausted and unexhausted claims. Ordinarily, courts must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. See Rose, 455 U.S. at 521-22; Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005). In this case, Petitioner, by way of his response to the motion to dismiss has withdrawn the unexhausted claims in the petition. Accordingly, there is no need to dismiss the petition; Petitioner opts to proceed on his remaining claim only.

Based on Petitioner's instructions, the Court hereby dismisses claims two and three of the petition. As noted Petitioner's first claim was not subject to dismissal based on the motion to dismiss. However, the Court nevertheless dismisses this claim because, as described in more detail below, it is not a cognizable claim.

### C. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ

of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### D. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court:

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim with respect to his only remaining claim, i.e., that his conviction for kidnaping violated federal law. (Pet. at 6.) Petitioner claims that there was insufficient evidence regarding the asportation element required for a kidnaping conviction. (Id. at 6-14.) However, the interpretation and enforcement of kidnaping is controlled by California state law. See Cal. Penal Code § 207; People v. Morgan, 42 Cal. 4th 593, 603-615 (2007).

Petitioner attempts to argue that kidnaping is a federal offense, based on Government

of the Virgin Islands v. Berry. 604 F.2d 221 (3rd Cir. 1979). Berry is not applicable. The court in Berry interprets Virgin Island Code, Title 14, Section 1052, the statutory section relating to kidnapping in the United States Virgin Islands. The United States Virgin Islands is a United States territory, and its laws apply specifically to the geographic scope of that territory. See V.I. Code Ann. tit. 1, § 2 (2010) ("Territorial Scope of the Code - This Code applies throughout the territory of the Virgin Islands, except as otherwise expressly provided."). Petitioner is convicted of kidnapping in California, and the laws of the United States Virgin Islands are not applicable. Accordingly, Petitioner's petition has not alleged the violation of any federal laws.

Petitioner's claim is based wholly on the alleged violation of state law. Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). In addition, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), quoting, Dugger v. Adams, 489 U.S. 401, 409 (1989). Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989).

Petitioner has not alleged violations of federal law. Petitioner is not entitled to habeas corpus relief. His petition must be dismissed.

## III.    CONCLUSION

Respondent's motion to dismiss the petition for failure to exhaust state remedies is GRANTED in part and DENIED in part. As Petitioner has exhausted claim one, the motion to dismiss is denied with respect to claim one. As it appears that Petitioner has not exhausted claims two and three and Petitioner's withdraws said claims, the motion to dismiss is granted as to claims two and three. Finally, since claim one does not allege any violation of federal law, it is not cognizable here and must be dismissed. Since claim one is dismissed and claims two and three are withdrawn, Petitioner's petition must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find Petitioner deserving of encouragement to proceed further. Petitioner has

not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:    November 24, 2010            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE